UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

ANTHONY PERRY JR.

     Plaintiff

v.

ASSET ACCEPTANCE LLC

     Defendants

_____/

## COMPLAINT

### JURISDICTION AND PARTIES

1.     This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72.

2.     This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3.     Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendants transact business in this district, and the events which give rise to this complaint occurred in this district.

4.     Plaintiff, ANTHONY PERRY JR. is a natural person residing at all relevant times in Broward County, Florida.

5.     Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6.     Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7.     Defendant ASSET ACCEPTANCE LLC ("ASSET ACCEPTANCE") is a Florida Foreign Limited Liability Company with its principle place of business in Warren, Michigan, and which routinely collects consumer debts in Broward County, Florida.

8.     Defendant ASSET ACCEPTANCE is in the business of collecting debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts.

9.     Defendant ASSET ACCEPTANCE is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6). Defendant is also a debt collector and/or consumer collection agency, as defined in Fla. Stat. §559.55(6) and (7) or otherwise is obligated to comply with the provisions of Fla. Stat. §559.72.

## FACTUAL ALLEGATIONS

10.     Previous to the events that give rise to this Complaint ,Plaintiff incurred a debt that was primarily for personal, family or household purposes, and which is therefore a debt as defined by 15 U.S.C. §1692a(5).

11.     Between incurring the debt and the events that give rise to this Complaint, the alleged debt was apparently cosigned, placed, or otherwise transferred to Defendants herein, under Defendant's Account No: 29910906, when thereafter Plaintiff started receiving collection communication from Defendants in an attempt to collect the debt.

12.     In late October 2012, Plaintiff received a collection ("dun") letter from Plaintiff, which correspondence was an attempt to collect the debt.

13.     After receiving same and in response thereto, Plaintiff contacted the Defendant by phone to inform Defendant that (1) the debt was over twenty (20) years old, having been related to a health club membership obtained by Plaintiff in the late eighties, and (2) that the Plaintiff had previously filed a bankruptcy (Case No: 09-22224-RBR).

14.     In response thereto, the agent or employee of Defendant speaking to Plaintiff informed the Plaintiff that the debt would be "taken care of," that it would be "taken off the books," that the matter "never should have gotten this far," or varying language substantially similar, and of similar meaning and import.

15.     Despite the assertions of Defendant's agent, and Defendant's reassurance that the matter was resolved, again, in early November 2012, Plaintiff received another letter from Defendant, seeking to collect on the same alleged debt.

16.     Again, Plaintiff called the Defendant, and informed yet another agent of the Defendant of the previous conversation Plaintiff had with the Defendant's agent.

17.     Upon being informed of the Plaintiff's previous conversation with the previous agent of the Defendant, this time, Defendant's agent denied any individual at ASSET ACCEPTANCE had ever stated the information alleged above, and stated that she wasn't aware who in Defendant's office that Plaintiff had previously spoken to.

18.     The Defendant's agent asked the Plaintiff if the debt being collected had been included in his bankruptcy, and/or whether ASSET ACCEPTANCE had been named in the Plaintiff's bankruptcy, or language of similar meaning or import.

19.     Upon being told no, because the debt was so old that Plaintiff had not

remembered to include it, Defendant informed Plaintiff that as a result of not being included, the debt "would be there forever," that the debt was "never going to go away," that the debt will be "on the books until you pay it," and that the Defendant will "put it down as you won't pay," or language of similar significance and import that would lead the least sophisticated consumer to believe that the debt was permanently due and owing unless paid.

20.     In fact, such statements representing that because the debt was not included in the bankruptcy that it would never be extinguished absent payment, and implying or suggesting that the debts would therefore be valid and enforceable forever, were false, misleading, and incorrect, as a bankruptcy case may be re-opened, post discharge, and an omitted creditor's debt in a no-asset bankruptcy case may still be discharged. 11. U.S.C. §350(b) ("[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.") See In re Francis 426 B.R. 398 (S.D.Fla.,2010); In re: Shipman, 137 B.R. 524 (N.D. Fla. 1991).

21.     Defendant's statements misrepresent to the least sophisticated consumer that in such circumstances, there is "no option" other than to pay the debt.

22.     Furthermore, Defendant's agent is not an attorney, and is not qualified to make any such representations as to the legal effect, enforceability or status of a debt which was incurred before a bankruptcy filing, but not included in a bankruptcy.

23.     Such misrepresentation is material in that it has the effect of coercing a consumer to pay a debt, rather than seek legal advice. Said statements deter consumers from filing appropriate paperwork with a bankruptcy court to re-open a case to include

such debt in the consumer's bankruptcy discharge. As the bankruptcy code and law in fact allow a consumer to later re-open a case to include omitted creditors, the Defendant's statements lessen the effect of the consumer's discharge, by discouraging the least sophisticated consumer from doing so.

24.     At all times, the agents and employees of the Defendant herein were acting in the course and scope of their employment with the Defendant and shared a common goal and purpose, and were acting at the direction of the Defendant. The Defendant is liable for the errors, actions and omissions of its agents named herein.

## COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. §1692e

25.     Plaintiff realleges and reavers paragraphs 1-24 as if fully set forth herein.

26.     The allegations herein constitute false and misleading representations in violation of:

a) 15 U.S.C. §1692e in that the allegations above all constitute false and misleading representations and deceptive means, taken in an effort to collect the debt from the Plaintiff;

b) 15 U.S.C. §1692e(2)(A), by falsely representing the character of the debt as being collectable and enforceable, by making statements that the least sophisticated consumer could or would believe to mean than a legal right existed to enforce the debt, when in fact, the statute of limitations had long expired on the debt, which was over twenty (20) years old.

c) 15 U.S.C. §1692(10) in that the allegations above constitute false representations and deceptive means by misrepresenting the legal status of the debt, the Plaintiff's inability to discharge the debt, and the ramifications/consequences of Plaintiff's having excluded the debt from his bankruptcy schedules, as further alleged above, all taken in an effort to collect the debt from the Plaintiff.

27.     As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT II – VIOLATION OF THE FCCPA

28.     Plaintiff realleges and reavers paragraphs 1-24 as if fully set forth herein.

29.     Fla. Stat. §559.72(9) makes it a prohibited collection activity to:

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

30.     The allegations above constitute violations of Section §559.72(9).

31.     Pursuant to Fla. Stat. §559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal

Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

32.    Defendant knowingly and intentionally made the statements alleged herein, and said same to Plaintiff in order to coerce him to pay, and to discourage him from seeking legal advice. Said statements additionally were knowingly and intentionally made by Defendant with no idea as to their truth or falsity, all in a knowing and purposeful attempt to deter Plaintiff from re-opening his case, and avoid being subject to Plaintiff's bankruptcy discharge. Furthermore, as was indicated by Defendant's own agent (the first agent spoken to by Plaintiff), Plaintiff was aware that the debt was unenforceable, and/or uncollectable, and that Defendant had no way or intentions of collecting same.

33.    As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorneys fees and costs, pursuant to Fla. Stat. §559.77(2).

[intentionally left blank]

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

DATED this 14 day of December  2012

Respectfully Submitted by:

Jason Weaver Esq.
FBN 0382596
Jason Weaver P.A.
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515/ (954) 964-3764 (fax)
jason@jasonweaverpa.com